Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| J & F GROUP, INC.<br><br>Recurrida<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO BAYAMONTE<br><br>Peticionaria | TA2026CE00656 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>BY2022CV03634<br><br>Sobre:<br>Incumplimiento de Contrato |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2026.

El 22 de mayo del año en curso, el Consejo de Titulares del Condominio Bayamonte (parte peticionaria) acudió ante este Tribunal de Apelaciones mediante *Petición Urgente de Certiorari y en Auxilio de Jurisdicción*. En esta, nos solicita la revocación de la *Orden* dictada y notificada el 22 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Allí, el foro primario declaró No Ha Lugar la *Moción de Reconsideración y Solicitud Urgente* que se presentó en la causa de epígrafe, confirmando así la *Orden* anterior, emitida el 20 de mayo de 2026.

Evaluado el legajo apelativo, de conformidad con la normativa que más adelante citamos, resolvemos **expedir** del auto de *certiorari* y **revocar** la disposición recurrida.

**-I-**

El 18 de julio de 2022, J & F Group, Inc. (parte recurrida), instó *Demanda* por incumplimiento de contrato, daños contractuales y cobro de

dinero contra la parte peticionaria.[1] En lo pertinente al presente recurso, y luego de múltiples incidencias procesales, surge de la *Minuta* de la Conferencia con Antelación a Juicio y Vista Transaccional celebrada el 18 de junio de 2025, que el foro primario señaló el juicio en su fondo para el 20, 21 y 22 de enero de 2026 de manera presencial.[2]

Así las cosas, el 25 de agosto de 2025, la parte peticionaria instó *Solicitud de Relevo de Representación*, ante lo cual el TPI emitió *Orden* en la que concedió el relevo, concedió treinta (30) días para contratar nueva representación legal y advirtió que los días de juicio no serían cambiados, por lo que la representación legal debía tener disponible las fechas separadas para la vista en su fondo.[3] El 22 de septiembre de 2025, la parte peticionaria presentó moción asumiendo representación y en solicitud de transferencia de juicio por conflicto de calendario.[4] Habiéndose denegado esta y tras la respectiva solicitud de reconsideración, el foro primario emitió *Orden* el 9 de octubre de 2025, en la que dispuso: "Se acepta representación legal. <u>Se señala juicio para el 19 y 21 de mayo de 2026 a las 10:00 am de forma presencial</u>. Sugieran un día adicional para continuación de juicio las partes, posterior al 25 de mayo de 2026".[5] Cabe destacar, que ese mismo día, el TPI emitió varias órdenes en las que dispuso: "Se señala Juicio en Su Fondo / Evidenciaria en el caso de epígrafe para el [19 y 21] de mayo de 2026, a las 10:00 am, de manera presencial".[6]

Ante ese cuadro, en cumplimiento de orden, se informó al Tribunal que las partes tenían disponibilidad para continuar con el juicio el día 28 de mayo de 2026.[7] De modo que, por *Orden de Señalamiento* el foro primario

---

[1] Véase, SUMAC TPI, Entrada Núm. 1.
[2] *Íd.,* Entrada Núm. 46.
[3] *Íd.,* Entradas Núm. 47 y 48.
[4] *Íd.,* Entrada Núm. 49.
[5] *Íd.,* Entradas Núm. 50, 51 y 52.
[6] *Íd.,* Entradas Núm. 53 y 54.
[7] *Íd.,* Entrada Núm. 55.

estableció que quedaba señalada la continuación del juicio en la fecha sugerida por las partes.[8]

Ahora bien, el **13 de marzo de 2026**, el TPI emitió *Orden*, que lee como a continuación transcribimos:

> **El presente caso tiene señalamiento para Juicio en su Fondo los días 21 y 28 de mayo de 2026**, no obstante, la Juez que preside estará tomando un seminario compulsorio el 21 de mayo. En vista de ello, en un término de 10 días deberán informar mediante moción conjunta disponibilidad para el 26 de mayo de 2026 comenzando a las 9:30 a.m.
>
> **De no tener esta fecha disponible, <u>se comenzará el juicio el 28 de mayo</u>** y ese día se escogerá fecha para la continuación.[9]

En respuesta, las partes presentaron *Moción Conjunta en Cumplimiento de Orden* en la cual informaron al Tribunal la disponibilidad de la fecha del 26 de mayo de 2026, según propuesta por el foro primario.[10] De ahí que, el TPI emitió Orden el 17 de marzo de 2026, en la que dispuso: "Se da por cumplida. **Juicio en su Fondo queda señalado para el 26 y 28 de mayo de 2026 comenzando a las 9:30am, de manera presencial**". (Énfasis nuestro)

Tras varias instancias procesales, el 19 de mayo de 2026, J & F Group, Inc., instó *Moción sobre Honorarios por Incomparecencia de la parte demandada*, en la que señaló que la parte peticionaria no asistió en ese día al primer día de juicio señalado.[11] En particular, sostuvo que el juicio en su fondo estaba pautado para los días 19, 26 y 28 de mayo de 2026 y que, compareció en ese día a la vista con sus testigos y peritos. A su vez, señaló la incomparecencia del Consejo de Titulares del Condominio Bayamonte y reclamó que tal ausencia le ocasionó gastos. Por lo cual, solicitó al TPI se le impusiera a la parte peticionaria el pago en los próximos cinco (5) días de $800.00 por los honorarios de su perito, más una suma no menor de $500.00 por los honorarios de abogado, que totalizaban la suma de $1,300.00.

---

[8] *Íd.,* Entrada Núm. 56.

[9] *Íd.,* Entrada Núm. 57.

[10] *Íd.,* Entrada Núm. 58.

[11] *Íd.,* Entrada Núm. 69. *Véase*, además, *Minuta* de la vista del 19 de mayo de 2026. *Íd.,* Entrada Núm. 72.

Habida cuenta de ello, el 20 de mayo de 2026, el foro primario emitió *Orden* en la que le impuso a la parte peticionaria el pago de $1,300.00 por los gastos incurridos por J & F Group, Inc., para la celebración del juicio pautado el día 19 de mayo de 2026, en los próximos 5 días.[12] Cabe destacar que en la referida orden se dispuso como a continuación transcribimos:

> La parte demandad[a] no compareció ni se excusó al señalamiento de juicio pautado para el 19 de mayo de 2026. **Surge del expediente que la fecha del 19 de mayo de 2026 nunca fue cancelada.** Se le solicitó a las partes fechas adicionales para tener tres días de juicio. **La única fecha cancelada fue el 21 de mayo de 2026** por motivos de un seminario que tomaría la juez suscribiente.
> […]
> De incumplir con la orden del tribunal se podrían eliminar las alegaciones.

Inconforme, el 21 de mayo de 2026, la parte peticionaria presentó *Moción de Reconsideración y Solicitud Urgente* en la que enfatizó las órdenes emitidas por el Tribunal en cuanto a las fechas del 26 y 28 de mayo de 2026.[13] Arguyó, además de hacer la debida diligencia con Secretaría, no procede la imposición de sanción económica ni la posible eliminación de las alegaciones, cuando de la última orden de señalamiento notificada por el foro primario, no surge vigente la fecha del 19 de mayo de 2026.

Tras la oposición presentada por la parte recurrida,[14] y la correspondiente réplica,[15] el 21 de mayo de 2026, el TPI emitió *Orden* en la que declaró No ha lugar la reconsideración presentada por la parte peticionaria. En particular, indicó que "[e]l señalamiento del 19 de mayo de 2026 nunca fue cancelado por el tribunal. La fecha cancelada fue el 21 de mayo de 2026".

Inconforme aun, el Consejo de Titulares del Condominio Bayamonte sometió el recurso de epígrafe y señaló la comisión de los siguientes errores:

> **Primer error**: Erró y abusó de su discreción el Tribunal de Primera Instancia al imponer a la parte peticionaria una sanción económica de $1,300.00, más el sello de suspensión, y al apercibirla con la posible eliminación de sus alegaciones, por su incomparecencia al

---

[12] *Íd.*, Entrada Núm. 70.
[13] *Íd.*, Entrada Núm. 71.
[14] *Íd.*, Entrada Núm. 73.
[15] *Íd.*, Entrada Núm. 76.

alegado señalamiento del 19 de mayo de 2026, a pesar de que la última Orden expresa y específica sobre el juicio, emitida el 17 de marzo de 2026, Entrada Núm. 59 de SUMAC, dispuso que el juicio en su fondo quedó señalado para los días 26 y 28 de mayo de 2026, a las 9:30 a.m. (énfasis suprimido)

**Segundo error**: Erró y abusó de su discreción el Tribunal de Primera Instancia al declarar No Ha Lugar la Moción de Reconsideración y Solicitud Urgente sin atender adecuadamente el efecto jurídico de la Orden posterior del 17 de marzo de 2026, Entrada Núm. 59 de SUMAC, ni la confusión objetiva creada por el récord electrónico y la información recibida de Secretaría sobre las fechas vigentes del juicio. (énfasis suprimido)

**Tercer error**: Erró y abusó de su discreción el Tribunal de Primera Instancia al sostener una sanción desproporcionada y un apercibimiento procesal severo, aún cuando la conducta de la parte peticionaria no fue contumaz, dilatoria ni negligente, sino basada en una interpretación razonable del expediente, en la confirmación obtenida de Secretaría y en una preparación activa para comparecer al juicio señalado para los días 26 y 28 de mayo de 2026. (énfasis suprimido)

**Cuarto error**: Erró y abusó de su discreción el Tribunal de Primera Instancia al sostener una sanción basada, en parte, en la solicitud de la parte recurrida, sin considerar que la propia parte recurrida conocía la discrepancia material sobre las fechas del juicio, sabía que la parte peticionaria entendía que el juicio estaba señalado para los días 26 y 28 de mayo de 2026, y aun así no comunicó oportunamente la supuesta confirmación distinta que alegó haber recibido de Secretaría, optando posteriormente por solicitar sanciones económicas y procesales.

En la misma fecha en que presentaron el recurso de autos, los peticionarios sometieron *Urgente Moción en Auxilio de Jurisdicción para suspender los efectos de las sanciones recurridas y, en la alternativa, paralizar los procedimientos ante el Tribunal de Primera Instancia (Regla 79 del Reglamento del Tribunal de Apelaciones)*. El 22 de mayo de 2026, emitimos *Resolución* en la que le ordenamos a la parte recurrida a someter su posición a vencer el 27 de mayo de 2026. A su vez, declaramos no ha lugar la solicitud de auxilio y paralización de los procedimientos. El 25 de mayo de este año, la parte recurrida presentó *Alegato en Oposición a la Petición Urgente de Certiorari y en Auxilio de Jurisdicción*. Con el beneficio de este escrito, damos por sometido el recurso y procedemos a atenderlo, no sin antes exponer la normativa vigente aplicable a la controversia.

## -II-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*. Ahora bien, en los procesos civiles, la expedición del recurso discreción de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R 52.1. *Allio v. Santiago Chardon,* 2026 TSPR 13, 217 DPR ___ que establece que este se expedirá cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.[16]

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un

---

[16] Además, y a modo de excepción, podremos revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

recurso de *certiorari*.[17]  Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Nuestro Más Alto foro ha establecido que como regla general no se interferirá con las facultades discrecionales de los foros primarios, excepto en aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.*, *supra,* a la pág. 210 y casos allí citados. En lo pertinente, se ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Íd.¸* al citar a *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del Derecho. *Íd.*

B.

"El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023), al citar a *In re Collazo I*, 159 D˙R 1421, 150 (2003) y *Pueblo v. Vega, Jiménez*, 121 DPR 282, 287 (1988). Así, el Tribunal de Primera Instancia tiene amplia discreción sobre el manejo de los casos que ante sí se ventilan.[18]

---

[17] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

[18] Id., al mencionar a *Vives Vázquez v E.L.A.*, 142 DPR 117, 141 (1996).

Los jueces de primera instancia "tienen a su alcance múltiples mecanismos procesales para mantener y asegurar el orden en los procedimientos ante su consideración, para hacer cumplir a cabalidad sus funciones." *In re Collazo I*, supra; *ELA v. Asociación de Auditores*, *supra*. Igualmente, poseen amplia facultad para revolver los procesos que se encuentran ante su consideración. También, están compelidos a actuar activamente en el manejo de los casos. Su objetivo es que se logre una solución justa, rápida y económica de los litigios. *Vives Vázquez v. ELA*, 142 DPR 117 (1996).

Es norma legal, que prevalezca el criterio del juez de la corte primaria si se funda en base razonable y no resulta perjudicial a los derechos sustanciales de una parte. Además, no entraremos o sustituiremos el discernimiento utilizado por el juez que atiende los procesos, salvo, que haya incurrido en perjuicio, parcialidad, error manifiesto o error en el ejercicio de su discreción. Véase, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012) y *Luch v. España Services Sta.*, 117 DPR 729, 745 (1986).

La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. *Mejías et al., v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012). Ahora, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[19] De esta manera, un tribunal abusa de su discreción

---

[19] *BPPR v. SLG Gómez-López*, supra a la pág. 335, al mencionar a *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023).

cuando no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando tras considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.

**-III-**

De entrada, reconocemos que la controversia esbozada en el recurso de epígrafe no trata de aquellas instancias reconocidas por la Regla 52.1 de Procedimiento Civil, *supra*, para la expedición de un *certiorari*. La disputa no es sobre una resolución u orden bajo remedios provisionales de la Regla 56, ni sobre *injunctions* de la Regla 57. En la misma, tampoco se plantea la denegatoria de una moción de carácter dispositivo. No obstante, esperar hasta la apelación para atender la situación planteada resultaría en un fracaso a la justicia, por lo que, conforme a la citada regla, por excepción, podemos revisar el dictamen interlocutorio recurrido.

Así pues, toda vez que la decisión recurrida recae en la discreción que el TPI tiene para manejar los casos presentados ante sí, nos corresponde resolver si constituyó un abuso de discreción por parte del Tribunal de Instancia el imponer y sostener la sanción económica de $1,300.00, so pena de la posible eliminación de la alegaciones, por la incomparecencia de la parte peticionaria a la vista celebrada el 19 de mayo de 2026, a pesar de la discrepancia material en las órdenes del Tribunal sobre los señalamientos de fechas para el juicio en su fondo.

Frente a esta determinación, la parte peticionaria sostiene que el Tribunal erró y abusó de su discreción al emitir la *Orden* recurrida cuando su incomparecencia no fue voluntaria, dilatoria, contumaz ni negligente. Aduce, la inadvertencia sobre la vista celebrada el 19 de mayo de 2026,

surge de una discrepancia objetiva entre SUMAC y las órdenes notificadas en el expediente electrónico. Por su parte, la parte recurrida considera que la expedición del recurso de epígrafe es prematura al no haberse eliminado, al momento, las alegaciones de la parte peticionaria.

Por estar íntimamente relacionados, procedemos a discutir los errores en conjunto.

Aceptamos que, tal como establece la parte recurrida, surge de la *Minuta* de la Conferencia con Antelación a Juicio, que se escogieron tres (3) días para el juicio en su fondo, entiéndase, 20, 21 y 22 de enero de 2026. De igual manera, reconocemos que, a solicitud de la parte peticionaria, se recalendarizó el juicio para los días 19 y 21 de mayo de 2026, y que el Tribunal ordenó que las partes acordaran la tercera fecha. También es cierto que, el TPI emitió *Orden* el 9 de octubre de 2025 en la que indicó que "[s]e señala Juicio en Su Fondo / Evidenciaria en el caso de epígrafe para el 19 de mayo de 2026, a las 10:00 am, de manera presencial".

Ahora bien, debemos reiterar, que **a partir de esa instancia el foro primario emitió dos órdenes en las que consignó únicamente dos (2) fechas para la celebración del juicio.** De hecho, de la *Orden* emitida el 13 de marzo de 2026, se vislumbra que el TPI pareció haber dejado sin efecto el señalamiento del 19 de mayo de 2026, **para dar comienzo al juicio en su fondo el día 26**. Nótese que, allí se ordenó a las partes informar sobre la disponibilidad para el 26 de mayo, y "**[d]e no tener esta fecha disponible, <u>se comenzará el juicio el 28 de mayo</u> y ese día se escogerá fecha para la continuación**". Es ineludible entender que así se pospuso el comienzo del juicio, cuando de lo contrario, se debía expresar "**se continuará** el juicio el 28 de mayo". Como se puede apreciar, mediante *Orden* del 17 de marzo de 2026, el foro primario confirmó juicio únicamente para las fechas del 26 y 28 de mayo de 2026.

En vista de ello, nos resulta forzoso concluir que la incomparecencia de la parte peticionaria a la vista celebrada el 19 de mayo de 2026 se debió a una confusión excusable, atribuible a las propias órdenes de Tribunal de Primera Instancia. Al ser así, el TPI incurrió en abuso de la discreción al emitir la resolución recurrida e imponer sanción económica, y apercibimiento de la eliminación de las alegaciones, sin considerar las circunstancias particulares del caso y negarse a reconsiderar una vez las discrepancias en sus dictámenes le fueron señalados en reconsideración. A nuestro juicio, la incomparecencia de la parte recurrida se debió a una discrepancia objetiva de los pronunciamientos del foro primario.

**-IV-**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y revocamos la *Orden* recurrida. Así las cosas, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos, conforme lo aquí resuelto.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones